UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERMAINE ARNAEZ COOPER,

        Petitioner,

                                    Case No. 12-cv-14318

v.                              HONORABLE AVERN COHN

KEN ROMANOWSKI,

        Respondent.
_____/

## MEMORANDUM AND ORDER
## GRANTING PETITIONER'S MOTION FOR A STAY (Doc. 2)
## AND
## CLOSING CASE FOR ADMINISTRATIVE PURPOSES

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Before the Court are a pro se habeas corpus petition and motion for a stay of these proceedings. For the reasons stated below, the motion for a stay is granted, and the habeas petition will be held in abeyance. The Court will also impose time limits upon Petitioner for returning to this Court following pursuit of his state court remedies. Finally, the Court will close the case for statistical purposes.

### II. Background

Petitioner Jermaine Arnaez Cooper is challenging his Wayne County conviction for assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.82. On May 25, 2010, Petitioner was sentenced as a habitual offender to imprisonment for eleven and a quarter to twenty-two years. The Michigan Court of Appeals affirmed his conviction, see People v. Cooper, No. 298790 (Mich. Ct. App. Mar.

8, 2012), and on July 24, 2012, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. See People v. Cooper, 817 N.W.2d 106 (Mich. 2012) (table).

On September 28, 2012, Petitioner filed a habeas corpus along with a motion to stay resolution of the petition. In the petition, Petitioner claims that: (1) the verdict was based on insufficient evidence of his intent; (2) his right to testify in his own behalf was violated when the trial court ordered the parties to make their closing arguments before he could be located and testify; (3) he was denied effective assistance of appellate counsel; (4) he was denied his right to confront his accuser and to cross-examine medical personnel; (5) he was denied his right to present a defense; (6) he did not waive or forfeit his rights to confront his accusers or to testify in his own behalf by violating the terms of his bond and failing to appeal; and (7) he was denied his right to effective assistance of trial counsel.

In his motion for a stay, Petitioner claims to have newly discovered evidence, which his former attorneys failed to discover. He wishes to pursue additional state remedies before seeking review of his conviction in this Court. Petitioner states that he filed his habeas petition before exhausting all his state court remedies to avoid having his federal claims barred by the statute of limitations.

### III. Discussion

The doctrine of exhaustion of state remedies requires state prisoners to fairly present all their claims to the state court before raising their claims in a federal habeas corpus petition. See 28 U.S.C. § 2254(b)(1)(A) and § 2254(c); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 845 (1999). This means that state prisoners must present each

habeas claim to the state court of appeals and to the state supreme court before filing a federal habeas corpus petition. Wagner v. Smith, 581 F.3d 410, 414 (6th Cir. 2009).

Petitioner says he has one or more new claims that have not been raised in state court. "In Rose v. Lundy, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982), [the Supreme Court] held that 'mixed' habeas petitions – containing both exhausted and unexhausted claims – cannot be adjudicated." Jones v. Bock, 549 U.S. 199, 221 (2007). A district court ordinarily must dismiss a habeas petition containing both unexhausted and exhausted claims. Rose v. Lundy, 455 U.S. at 522.

> "This total exhaustion rule . . . was initially derived from considerations of 'comity and federalism,' not any statutory command. Separate claims in a single habeas petition generally seek the same relief from custody, and success on one is often as good as success on another.

Jones v. Bock, 549 U.S. at 221 (internal citation omitted). Thus, "it makes sense to require exhaustion of all claims in state court before allowing the federal action to proceed." Id. at 221-22.

A dismissal of this case pending exhaustion of state remedies could preclude future consideration of Petitioner's claims due to the expiration of the one-year statute of limitations. See 28 U.S.C. § 2244(d). Faced with a similar dilemma, some courts have adopted a "stay-and-abeyance" approach. Rhines v. Weber, 544 U.S. 269, 275 (2005). Under this approach, district courts stay the federal proceedings and hold the habeas petition in abeyance while the inmate returns to state court to pursue remedies for the unexhausted claims. Id. at 275. After the state court completes its review of the inmate's unexhausted claims, the federal court can lift its stay and allow the inmate to

3

proceed in federal court. Id. at 275-76. The "stay-and-abeyance" procedure is available in limited circumstances where (1) there was good cause for the petitioner's failure to exhaust his claims first in state court, (2) the unexhausted claims are not plainly meritless, and (3) the petitioner is not engaged in abusive litigation tactics. Id. at 277-78.

Although Petitioner has not alleged the nature of his new and unexhausted claims, he is not engaged in abusive litigation tactics, and he suggests that his former attorneys were ineffective for failing to discover certain issues that could have been raised on appeal. Under the circumstances, it is not an abuse of discretion to stay this case rather than to dismiss the petition while Petitioner pursues additional post-conviction remedies in state court.

Where, as here, a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." Rhines, 544 U.S. at 278. To ensure that petitioner does not delay in exhausting his state court remedies, the Court will impose time limits upon Petitioner within which he must proceed. See Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002). "If the conditions of the stay are not met, the stay may later be vacated nunc pro tunc as of the date the stay was entered, and the petition may be dismissed." Palmer, 276 F. 3d at 781 (internal quotation omitted).

### IV. Conclusion

Accordingly, Petitioner's motion to stay is **GRANTED**. This case will be held in abeyance while Petitioner pursues state remedies. The Court's stay is conditioned on Petitioner filing a motion for relief from judgment in the state trial court, if he has not

already done so, within **sixty (60) days** of the date of this order.

If Petitioner is unsuccessful in state court and wishes to pursue federal habeas remedies once again, he shall file an amended habeas corpus petition and a motion to re-open this case, using the same case name and number that appear in the caption of this order.  The amended petition and motion to re-open the case shall be filed within **sixty (60) days** of exhausting state remedies.

The Clerk of the Court shall **CLOSE** this case for administrative purposes.  This administrative closing shall not be construed as a dismissal or adjudication of Petitioner's claims.

**SO ORDERED.**


　　　　　　　　　　　　　　　　　　　S/Avern Cohn
　　　　　　　　　　　　　　　　　　　AVERN COHN
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE


Dated:  November 8, 2012


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, November 8, 2012, by electronic and/or ordinary mail.

　　　　　　　　　　　　　　　　　　　S/Julie Owens
　　　　　　　　　　　　　　　　　　　Case Manager, (313) 234-5160